SLIP OPINION


# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-17-415

| | |
|---|---|
| | **Opinion Delivered** November 8, 2017 |
| ANDREA NICOLE STAHL<br>APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04DR-17-37] |
| V. | |
| JACOB LEE SMITH<br>APPELLEE | HONORABLE XOLLIE DUNCAN, JUDGE<br><br>REVERSED AND DISMISSED |

## LARRY D. VAUGHT, Judge

Andrea Nicole Stahl appeals a final order of protection based on a finding of domestic abuse that was entered against her by the Benton County Circuit Court. Stahl argues that the evidence is insufficient to establish that she committed domestic abuse. We agree and reverse and dismiss.

On January 10, 2017, Jacob Lee Smith filed a petition for an order of protection, alleging that he and Stahl were former spouses, they had formerly resided together, and they have one child together, K.S. (born December 21, 2012). Smith further alleged Stahl had committed domestic abuse against K.S. "by the acts described in the attached affidavit." Smith's affidavit stated that he was seeking an order of protection against Stahl because she failed to do "anything to respond to the [sexual-abuse] allegations made against her [live-in] boyfriend [Trent Holcombe]" by K.S. Smith's affidavit stated that K.S. had reported that Holcombe touched "her pee pee," showed her his penis, and penetrated her. In the affidavit,

Smith also stated that Stahl was "not thinking of the well-being of [K.S.]," "refused to make [Holcombe] leave," and was "choosing to stay with [Holcombe] over leaving him to protect [K.S.]."

An ex parte order of protection was entered by the circuit court on January 10, 2017. A hearing was held on January 24, 2017, during which Smith testified that on August 24, 2016, he spoke with Stahl on the phone to report allegations that K.S., who was three years old at the time, had made against Holcombe. Smith stated that in response, Stahl aggressively spoke to K.S. over the speakerphone, asking her why she would lie about the abuse. Smith said that later, he, his wife (Ashley), Stahl, and Holcombe met with K.S. about the allegations, but K.S. did not want to talk about it. According to Smith, he did not know whether Holcombe had abused K.S., so Smith did not pursue the matter.

Smith said that on January 5, 2017, K.S. made additional allegations against Holcombe. Smith again contacted Stahl, and Smith testified that she continued to say that K.S. was lying. Smith then went to the police department to report the allegations, and an investigation proceeded. Smith stated that he did not believe that Holcombe should be around K.S. and that he did not think it was appropriate for Stahl to accuse K.S. of lying. Because he feared that Stahl would not keep K.S. from Holcombe, Smith filed a petition for an order of protection against Stahl.[1] In the petition, he requested that Stahl's visitation with K.S. be supervised.

Stahl testified that she had been living with Holcombe for nine or ten months and that K.S. was lying about the allegations of sexual abuse. Stahl stated that K.S. is never alone with

---

[1]Smith also filed for an order of protection against Holcombe.

Holcombe. Stahl also stated that she and Smith had communicated about lies K.S. had told them about the other parent.

At the conclusion of the hearing, the circuit court approved the final order of protection, stating

> Considering the evidence, the order of protection will stay in place. Ms. Stahl has a firm and adamant belief the child is lying, and I cannot leave the child in a situation where Ms. Stahl will be attempting to convince [K.S.]that this is a lie. Her first reaction was to call the child a liar on the phone, and I do not think her mind has changed. The only way to make sure the child is protected is to maintain the order of protection against Ms. Stahl . . . .

The court extended the order of protection to April 7, 2017.[2] The final order of protection memorializing the court's oral findings was entered on January 24, 2017. The order found that K.S. was "in immediate and present danger of domestic abuse." This appeal followed.

Our standard of review following a bench trial is whether the circuit court's findings are clearly erroneous or clearly against the preponderance of the evidence. *Wornkey v. Dean*, 2017 Ark. App. 176, at 4, 517 S.W.3d 438, 441. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.*, 517 S.W.3d at 441. Disputed facts and determinations of the credibility of witnesses are within the province of the fact-finder. *Id.*, 517 S.W.3d at 441.

Stahl challenges the sufficiency of the evidence to support the final order of protection, contending that the circuit court erred in finding evidence of domestic abuse. She argues that

---

[2]The final order of protection has expired; however, pursuant to *Poland v. Poland*, 2017 Ark. App. 178, at 9, 518 S.W.3d 98, 103–04, Stahl's appeal of the expired final order of protection is not moot due to the exception for adverse collateral consequences that attend a finding of domestic abuse.

the circuit court made no specific findings that she committed domestic abuse against K.S.—only that she failed to protect K.S. from Holcombe and that she insisted that K.S. was lying—and that this evidence is insufficient. Stahl further argues that while the circuit court may have been doing what it felt was necessary to protect K.S., there was simply no evidence that she committed domestic abuse against K.S.

A petition for an order of protection shall allege, among other things, the existence of domestic abuse. Ark. Code Ann. § 9-15-201(e)(1)(A) (Repl. 2015). The petition shall be accompanied by an affidavit made under oath that states the specific facts and circumstances of the domestic abuse and the specific relief sought. Ark. Code Ann. § 9-15-201(e)(2). "Domestic abuse" is defined as "[p]hysical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily injury, or assault between family or household members." Ark. Code Ann. § 9-15-103(3)(A).

Smith accuses Holcombe of sexually abusing K.S. Smith does not allege that Stahl perpetrated physical harm, bodily injury, or assault on K.S., and there is no evidence on this record that Stahl committed such harm, injury, or assault on her daughter. Therefore, the circuit court must have relied on the second portion of the domestic-abuse definition—that Stahl inflicted fear of imminent physical harm, bodily injury, or assault on K.S. The following is the only evidence to arguably support such a finding: Smith testified that Stahl failed to protect K.S. from Holcombe; Smith stated that he did not think it was appropriate that Stahl accused K.S. of lying about the abuse allegations; Smith (and his wife) testified that Stahl was aggressive and angry when she spoke with K.S. about the allegations; and Smith did not believe

that Stahl should allow Holcombe to be around K.S. after the sexual-abuse allegations had been made.

We hold that this evidence is insufficient to support the domestic-abuse finding. Assuming Smith's testimony is true, there is absolutely no evidence in this case that Stahl in any way caused the infliction of fear of imminent physical harm, bodily injury, or assault on K.S. Further, we have found no Arkansas cases that support the circuit court's finding. Therefore, we hold that the circuit court clearly erred in entering the final order of protection based on a finding that Stahl had committed domestic abuse against K.S. Accordingly, we reverse and dismiss.

Reversed and dismissed.

HARRISON and GLOVER, JJ., agree.

*Keith, Miller, Butler, Schneider & Pawlik, PLLC*, by: *Mason L. Boling*, for appellant.

One brief only.